IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN TOTTY, f.k.a. KATHLEEN P. LUTZ, | |
| Plaintiff, | Case No. 19-cv-3781 |
| v. | Judge Mary M. Rowland |
| ANDERSON FUNERAL HOME, LTD., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

In her three-count complaint, Plaintiff Kathleen Totty brings claims of negligence and violations of the Illinois Crematory Regulatory Act and Illinois Consumer Fraud and Deceptive Business Practices Act. Defendant Anderson Funeral Home Ltd moves to dismiss all counts in Totty's complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Anderson's motion to dismiss [18] is granted in part and denied in part.

I. **Background**

The following factual allegations are taken from the Complaint (Dkt. 1, "Compl.") and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Kathleen Totty ("Totty") was married to her now deceased husband, Randall L. Lutz ("Randy"), for over twenty years until he died on October 6, 2013 after battling cancer. (Compl. ¶¶ 5-6). On or about October 12, 2013, Totty met with Richard N.

1

Anderson ("Dick Anderson"), Anderson Funeral's president, to make final arrangements for Randy. (*Id.* ¶7). On that date, Anderson Funeral agreed to provide direct cremation of Randy's body with full service for $3,950. Totty also arranged to have Randy's remains cremated at the Anderson Funeral Home Crematory. (*Id.* ¶8). Totty signed a Cremation Authorization that authorized Anderson Funeral to cremate Randy's remains, and Dick Anderson countersigned on behalf of Anderson Funeral. (*Id.* ¶10). Totty presumed that Anderson Funeral would arrange to receive Randy's body from the DeKalb County Coroner's Office. (*Id.* ¶11). Among other things, Totty purchased an urn to hold Randy's ashes, paying $342.00, plus tax and an additional $42 to have the urn engraved. (*Id.* ¶14). Dick Anderson never informed Totty that she would receive anything other than all of Randy's cremated remains. (*Id.* ¶16).

Sometime between October 12 and October 19, 2013, Totty called Anderson Funeral and asked if she could pick up the urn with Randy's ashes. During that phone call, an Anderson Funeral representative stated, "Someone already picked them up." (*Id.* ¶15).[1] The representative then retracted that statement and stated Randy's ashes would be delivered to her in the urn she purchased. (*Id.* ¶17). On or about October 19, 2013, one of Defendant's employees delivered an urn to Totty engraved with Randy's name. (*Id.* ¶¶18-19). She reasonably believed that Randy's ashes were in the urn, keeping the urn on her dresser for over a year. (*Id.* ¶20-21). On or about August 21, 2017 Totty discovered that there were no ashes in the urn. (*Id.* ¶27).

---

[1] Although the numbering after paragraph 16 in the Complaint is incorrect the Court uses that numbering here for consistency.

During a phone call that week, Dick Anderson denied that Anderson Funeral lost Randy's ashes and insisted that he himself delivered the ashes to Totty. (*Id.* ¶30). After the pain of Randy's cancer and the trauma of his sudden death, Totty says still she does not have closure because Anderson Funeral did not deliver Randy's ashes to her. (*Id.* ¶31).

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted). Dismissal for failure to state a claim is proper "when the allegations in a complaint,

3

however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

**III.   Analysis**

Anderson Funeral moves to dismiss with prejudice Totty's complaint as not adequately pled under Rule 12(b)(6).[2]

**A. Illinois Crematory Regulation Act (Count II)**

Totty alleges violations of the Illinois Crematory Regulation Act ("Crematory Act"), 410 ILCS 18/1 *et seq.*, citing specifically to Section 35 of the Act. (Compl. ¶¶42-46). Section 35(l) provides in pertinent part: "The crematory authority shall not return to an authorizing agent or the agent's designee more or less cremated remains than were removed from the cremation chamber." And Section 35(m) provides: "A crematory authority shall not knowingly represent to an authorizing agent or the agent's designee that a temporary container or urn contains the cremated remains of a specific decedent when it does not." 410 ILCS 18/35(m).

Anderson Funeral argues that (1) Totty does not have a private right of action under the Crematory Act, and (2) she signed an acknowledgement that she received Randy's remains. (Dkt. 20 at 3-7).

---

[2] Jurisdiction is based on diversity jurisdiction (Dkt. 1 at 1-2; Dkt. 12 at 2). The parties do not dispute that Illinois law applies.

4

### 1. Private Right of Action

In *Rekosh v. Parks*, the Illinois appellate court for the Second District held that Crematory Act "clearly and unambiguously creates a private right of action." 316 Ill. App. 3d 58, 72, 735 N.E.2d 765, 778 (2000). Anderson Funeral asks this Court to disregard *Rekosh*. However "federal courts are bound to state court precedents in interpreting state law." *L.S. Heath & Son, Inc. v. At & T Info. Sys.*, 9 F.3d 561, 574 (7th Cir. 1993) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938)). As the Seventh Circuit explained in *Laborers' Pension Fund v. Miscevic*,

> We must defer to a state court's interpretation of the state's statute. In the absence of a decision by the highest state court, ... [d]ecisions of intermediate appellate state courts generally control unless there are persuasive indications that the highest state court would decide the issue differently. While the Illinois Supreme Court has not spoken on whether the current version of the Illinois slayer statute applies to an individual found not guilty of murder by reason of insanity, the Appellate Court of Illinois squarely addressed the issue…

880 F.3d 927, 934 (7th Cir. 2018) (internal citations and quotations omitted).

This Court finds no reason why *Rekosh* should not control here. Anderson Funeral argues that the *Rekosh* decision is "conclusory and devoid of any meaningful analysis" and "ignored the fact that the Illinois Comptroller is the only person expressly granted a right to pursue a cause of action under the Act." (Dkt. 28 at 6-7). This is not convincing. The *Rekosh* court acknowledged the issue of whether a private right of action under the Crematory Act was one of first impression, applied statutory construction principles, analyzed the language of the Act, and found the plain meaning of the Act provided a private right of action. 316 Ill. App. 3d at 71-72. In

addition, Anderson Funeral has not pointed to any authority showing that the Illinois Supreme Court would decide the issue differently.[3]

Therefore Totty has a private right of action under the Crematory Act and may pursue her claim under that Act.

### *2. Signed Authorization*

Totty does not dispute that she signed the authorization acknowledging her receipt of Randy's remains ("Cremation Authorization") (Dkt. 18, Exh. B) (nor does she object to Anderson Funeral's reliance on that document).[4] She signed the Cremation Authorization on October 19, 2013 stating that she received the cremated remains. But, she argues, Section 40 of the Crematory Act discharges the crematory authority from legal obligation or liability *after* delivering the cremated remains to the authorized person. Section 40(c) provides in pertinent part:

> the crematory authority shall deliver the cremated remains to the individual specified on the cremation authorization form, or if no individual is specified then to the authorizing agent. The delivery may be made in person or by registered mail. Upon receipt of the cremated remains, the individual receiving them may transport them in any manner in this State without a permit, and may dispose of them in accordance with this Section. After delivery, the crematory authority

---

[3] The case law Anderson Funeral relies on does not address the Crematory Act. *Metzger v. DaRosa*, 209 Ill. 2d 30, 805 N.E.2d 1165 (2004); *Carmichael v. Union Pac. R.R. Co.*, 2018 IL App (1st) 170075, ¶ 1, 121 N.E.3d 963, 965 (2018); *Fisher v. Lexington Health Care*, 188 Ill. 2d 455, 456, 722 N.E.2d 1115, 1116 (1999); *Helping Others Maintain Envtl. Standards v. Bos*, 406 Ill. App. 3d 669, 941 N.E.2d 347 (2010).

[4] Courts normally do not consider extrinsic evidence without converting a motion to dismiss into one for summary judgment, however where a document is referenced in the complaint and central to plaintiff's claims, the Court may consider it in ruling on the motion to dismiss. *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) ("This rule is a liberal one—especially where…the plaintiff does not contest the validity or authenticity of the extraneous materials.").

6

>shall be discharged from any legal obligation or liability concerning the cremated remains.

410 ILCS 18/40(c). Accordingly at this pleading stage, Totty argues that her allegations that Anderson Funeral is liable under the Crematory Act are sufficient, and it will be for a trier of fact to decide the factual question of whether the Cremation Authorization absolves Anderson Funeral from liability under the Act. The Court agrees. Totty has pled specific violations of the Crematory Act and the damages she suffered as a result. *See Rekosh*, 316 Ill. App. 3d at 71-72 (Crematory Act claim sufficiently pled based on similar allegations). Section 40 of the Crematory Act expressly states that liability is discharged "*after delivery*", referring to delivery of the "cremated remains to the individual." Totty alleges that her husband's cremated remains were never delivered to her. Whether that is true and whether Anderson Funeral is protected by Section 40(c) of the Crematory Act as it claims (Dkt. 20 at 4) is not a question to be resolved at the Rule 12(b)(6) motion to dismiss stage.

### B. Negligence (Count I)

Totty alleges that Anderson Funeral owed her a duty of care with regard to its handling of Randy's cremation and the delivery of his ashes to her. (Compl. ¶ 34). She claims that Anderson Funeral breached the duty by among other things, failing to cremate Randy and/or deliver his cremated remains to her, and she suffered damages including extreme emotional distress as a result. (*Id*. ¶¶ 35, 39). In Illinois, the elements of a negligence claim are "the existence of a duty owed by the defendant to

the plaintiff, a breach of that duty, and injury proximately resulting from the breach."
*Bruns v. City of Centralia*, 2014 IL 116998, ¶ 12, 21 N.E.3d 684, 688-89 (2014). [5]

Anderson Funeral argues that if the Crematory Act applies, that Act provides the standard for Totty's two other counts. (Dkt. 20 at 7-9). Specifically Anderson Funeral cites to 410 ILCS 18/20(d) and 410 ILCS 18/35(m) to argue that Totty "does not plead, in any count of her complaint, allegations of gross negligence and does not plead an urn was delivered by Defendant knowing the ashes of the decedent were not allegedly in the same." (*Id.* at 9). As an initial matter, it is well-settled that a plaintiff may plead her claims in the alternative. *See Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013). Moreover, Anderson Funeral does not cite any case law to support its contention that the Crematory Act "trump[s]" other causes of action or that her negligence claim must contain allegations of Anderson Funeral's gross negligence or that it knew that the ashes were not in the urn. (Dkt. 20 at 7-9).

Indeed in *Rekosh*, the Illinois Appellate Court held that plaintiffs sufficiently pled their claim under the Crematory Act and did not require any heightened pleading for that claim: "Plaintiffs have alleged specific violations of the Act and that, as a result, they have suffered severe emotional distress. These allegations are sufficient to state a cause of action under the Act." 316 Ill. App. 3d at 71-72. In *Cochran v. Securitas Sec. Servs. USA*, the Illinois Supreme Court held that a plaintiff bringing a cause of action for tortious interference with the right to possess a corpse need not allege facts

---

[5] For both the negligence and Consumer Fraud Act claims, Anderson Funeral refers to these claims in passing as "potentially untimely." (Dkt. 20 at 6). Anderson Funeral does not make any timeliness argument and so that argument is waived. *See Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009).

8

to show that the interference resulted from the defendant's wilful and wanton misconduct, and instead recovery can be based on ordinary negligence. 2017 IL 121200, 419 Ill. Dec. 374, 93 N.E.3d 493 (2017). Although Totty does not bring a claim for tortious interference with the right to possess a corpse, the *Cochran* decision supports her position that she need only plead facts showing ordinary negligence, and she is not required to plead gross negligence or a certain level of knowledge by Anderson Funeral.

Therefore Totty has sufficiently pled her negligence claim by alleging Anderson Funeral owed her a duty of care with regard to its handling of Randy's cremation and the delivery of his ashes to her, Anderson Funeral breached that duty, and she suffered an injury proximately resulting from the breach.

### C. Illinois Consumer Fraud and Deceptive Business Practices Act (Count III)

Totty claims that Anderson Funeral violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. ("Consumer Fraud Act"). Totty alleges that it was unfair and/or deceptive for Anderson Funeral to misrepresent facts about the existence and/or whereabouts of Randy's remains, refuse to provide accurate information regarding the true existence and/or whereabouts of Randy's remains, and falsely inform Totty that the urn contained Randy's remains. (Compl. ¶ 54). Totty alleges that Anderson Funeral's conduct offends public policy and is immoral, unethical, oppressive, and unscrupulous. (*Id*. ¶¶ 56-57). As an initial matter, the Court does not agree with Totty that Anderson

9

Funeral failed to address her Consumer Fraud Act claim. Anderson Funeral did argue for dismissal of that claim. (*see* Dkt. 18; Dkt. 20 at 4, 6, 9).

"To state a claim under the Consumer Fraud Act, a plaintiff must allege '(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception.'" *Brodsky v. HumanaDental Ins. Co.*, 2011 U.S. Dist. LEXIS 12121, at *23 (N.D. Ill. Feb. 8, 2011). This framework applies as well to alleged unfair conduct. *In re VTech Data Breach Litig.*, 2018 U.S. Dist. LEXIS 65060, at *20 (N.D. Ill. Apr. 18, 2018). "A claim under the Consumer Fraud Act may be premised on either [unfair or deceptive conduct] (or both), but the two categories have different pleading standards. If the claim rests on allegations of deceptive conduct, then Rule 9(b) applies and the plaintiff must plead with particularity the circumstances constituting fraud." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019).

Here, Totty claims that Anderson Funeral misrepresented the whereabouts of her husband's remains and contends that Anderson Funeral deceives its customers. But her general claims of public policy violations and immoral, unethical, oppressive, and unscrupulous conduct are not distinct from her deception allegations. So Rule 9(b) applies to her Consumer Fraud Act claim. *See Halperin v. Int'l Web Servs., LLC*, 123 F. Supp. 3d 999, 1007 (N.D. Ill. 2015) (plaintiff did not allege any unfairness separate and apart from the deception so claim is limited to a deceptive practices claim and subject to Rule 9(b)); *In re VTech Data Breach Litig.*, 2018 U.S. Dist. LEXIS 65060,

at *22 ("plaintiffs cannot rely on the same conduct to establish separate unfair and deceptive theories under the ICFA"). As Rule 9(b) applies, plaintiff must allege "the 'who, what, when, where, and how' of the fraud…with particularity." *Id.* at *21.

Totty's factual details about the alleged deception are sparse and fall far short of those required by Rule 9(b). The only specific omission or statement identified in the complaint are (1) in October 2013 when she says Dick Anderson never informed her that she would receive anything other than all of Randy's cremated remains, and (2) the same month when an Anderson Funeral representative told Totty Randy's ashes would be delivered to her in the urn she purchased. Totty claims that Anderson Funeral promised to cremate and deliver her husband's remains and deceived her into thinking her husband's remains were in the urn. However "dressed up" breach of contract claims are not actionable under the Consumer Fraud Act. *C.M. v. Aetna Inc.*, 2019 U.S. Dist. LEXIS 193639, at *7-8 (N.D. Ill. Nov. 7, 2019) ("The deceptive act must involve something more than the promise to do something and a corresponding failure to do it.") (citations and quotations omitted).

In addition, Totty nowhere alleges that Anderson Funeral intended for her to rely on Anderson Funeral's representations, such as they are. Although a plaintiff "need not allege a[] [defendant's] intent to deceive" *McIntosh v. Walgreens Boots All., Inc.*, 2019 IL 123626, ¶ 21, 135 N.E.3d 73, 80 (2019), the facts in the complaint must show that defendant misrepresented a material fact "with the intent that others would *rely on* such misrepresentation." *People ex rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill. 2d 473, 492, 607 N.E.2d 165, 174 (1992) (emphasis added).

11

As for damages, the Consumer Fraud Act "provides remedies for purely economic injuries." *Bovay v. Sears, Roebuck & Co.*, 2016 IL App (1st) 142672-U, ¶ 66 (2017) (internal citations and quotations omitted). Totty's claims for extreme emotional distress and "inability to effectuate closure" are not recoverable Consumer Fraud Act damages.

Totty's Consumer Fraud Act count is lacking in several respects and is therefore dismissed. However, the Court will allow Totty 30 days to amend, consistent with this opinion, if she is able.

## IV. Conclusion

For the stated reasons, Defendant Anderson Funeral's Motion to Dismiss [18] is granted in part and denied in part. Count III is dismissed without prejudice. Totty may replead her Consumer Fraud Act claim if she believes she can do so consistent with this opinion by April 22, 2020. Anderson Funeral must answer Counts I and II by May 20, 2020. If Totty repleads Count III, Anderson Funeral must file a responsive pleading to Count III by May 20, 2020. Status hearing set for 4/30/20 is stricken and reset to May 27, 2020 at 9:30 AM. Parties should be prepared to report on the status of discovery.

E N T E R:

Dated: March 23, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge